**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **511 INNOVATIONS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. _____** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **PANTECH CO., LTD. AND PANTECH** | § | |
| **WIRELESS, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff 511 Innovations, Inc. ("511 Innovations") and files this Original Complaint for Patent Infringement against Defendants Pantech Co., Ltd and  Pantech Wireless Inc. ("Pantech"), alleging as follows:

### I.  NATURE OF THE SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II.  THE PARTIES

2.      Plaintiff 511 Innovations, Inc. is a Texas corporation that maintains its principal place of business in Marshall, Texas.

3.      Upon information and belief, Defendant Pantech Co., Ltd. is a Korean corporation and may be served at its corporate headquarters at Pantech R&D Center, 1-2, DMC Sangam-dong Mapo-go, Seoul, Korea.

4.     Upon information and belief, Defendant Pantech Wireless, Inc. is a corporation organized and existing under the laws of Georgia, having a principal place of business at 5607 Glenridge Dr., Ste. 500, Atlanta, GA 30342-4998. Upon information and belief, Defendant Pantech is authorized to do business in Texas. Pantech may be served by serving its registered agent Kathleen Elizabeth Jones, 5607 Glenridge Dr., Ste 500, Atlanta, GA 30342-4998.

5.     Defendants Pantech Co., Ltd. and Pantech Wireless together are referred to as "Pantech" or "Defendant".

### III.  JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has specific personal jurisdiction over Pantech pursuant to due process and the Texas Long Arm Statute because Pantech, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and used by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

8.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.  Furthermore, venue is proper because Pantech, directly or through intermediaries, sells and offers to sell infringing products to persons in this District, as discussed below.  Each of Pantech's infringing acts in this District gives rise to proper venue.

## IV.  BACKGROUND

**A.     The Asserted Patents**

9.      This cause of action asserts infringement of United States Patent Nos. 6,307,629 B1; 7,110,096 B2; 7,397,541 B2; 8,472,012 B2; and 8,786,844 B2 (collectively, the "Asserted Patents").

10.     A true and correct copy of United States Patent No. 6,307,629 B1 (the "'629 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit A.

11.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '629 Patent, which duly and legally issued on October 23, 2001, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '629 Patent.

12.     A true and correct copy of United States Patent No. 7,110,096 B2 (the "'096 Patent"), entitled "Method for Determining Optical Characteristics Through a Protective Barrier," is attached hereto as Exhibit B.

13.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '096 Patent, which duly and legally issued on September 19, 2006, with Wayne D. Jung, Russell W. Jung, and Alan R. Laudermilk [sic] as the named inventors.  511 Innovations has standing to sue for infringement of the '096 Patent.

14.     A true and correct copy of United States Patent No. 7,397,541 B2 (the "'541 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit C.

15.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '541 Patent, which duly and legally issued on July 8, 2008, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '541 Patent.

16.     A true and correct copy of United States Patent No. 8,472,012 B2 (the "'012 Patent"), entitled "Apparatus Having a First Optical Sensor Making a First Measurement to Detect Position and a Second Optical Sensor Making a Second Measurement," is attached hereto as Exhibit D.

17.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '012 Patent, which duly and legally issued on June 25, 2013, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '012 Patent.

18.     A true and correct copy of United States Patent No. 8,786,844 B2 (the "'844 Patent"), entitled "Apparatus for Measuring Optical Characteristics Including Position Detection," is attached hereto as Exhibit E.

19.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '844 Patent, which duly and legally issued on July 22, 2014, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '844 Patent.

**B.     Pantech's Infringement**

20.     Pantech, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or import into the United States, mobile telephones, including but not limited to the Pantech Discover, Pantech Pocket, and Pantech Vega (the "Accused Products").

21.     Pantech, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

22.     The Accused Products are sold and offered for sale in this District.

**C.     JJL and Spectral Sensors**

23.     From July 27, 2007, through September 12, 2013, JJL Technologies, LLC ("JJL") was the owner by assignment of the then-existing Asserted Patents and their families, including related then-pending applications.

24.     JJL acquired the Asserted Patents and their families from LJ Laboratories LLC, an entity that had been formed to protect inventions resulting from research conducted by or on behalf of JJL.

25.     JJL was a pioneer in low-cost, handheld color measurement and optical sensing technologies and products.  JJL conceived, developed, produced, and sold its own products, which included world market-leading spectrophotometers.

26.     JJL's inventions have resulted in over eighty patents throughout the world.  These patents include systems and methods for measuring multiple optical properties and making determination about objects based upon their optical properties.

27.     In 2013, JJL transferred its intellectual property, including the Asserted Patents and their families, to 511 Innovations, which in turn licensed that intellectual property to Spectral Sensors Inc. ("Spectral Sensors"), a Texas corporation having its principal place of business in Marshall, Texas, to continue research, development, and manufacturing of optical sensing products.  Since that time, Spectral Sensors has conducted such activities in Marshall, Texas.

28.     At all relevant times, JJL and Spectral Sensors have complied with the marking requirements set forth in 35 U.S.C. § 287.

## V.  CLAIMS

29.     Based on the above-described services and products, 511 Innovations asserts several causes of action against Pantech.  These causes of action are detailed as follows.

**A.     Infringement of the '629 Patent**

30.     The allegations of paragraphs 1-29 above are incorporated by reference as if fully set forth herein.

31.     The Accused Products are covered by at least claim 1 of the '629 Patent.

32.     Pantech has directly infringed and continues to infringe at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations' authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Pantech Accused Products into the United States.

33.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and now is actively inducing infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '629 Patent when they use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products.  Pantech's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way that implicates use of the proximity sensors within the Accused Products by supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instruction manuals that Pantech provides online or

with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products, which Pantech knows or should know infringes at least claim 1 of the '629 Patent.

34.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and continues to actively contribute to infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(c).  Pantech installs, configures, and sells the Accused Products with distinct hardware and software components, including but not limited to the proximity sensors that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '629 Patent.  The proximity sensors within the Accused Products constitute a material part of the claimed invention recited in at least claim 1 of the '629 Patent and not a staple article or commodity of commerce because they are specifically designed to perform the functionality claimed in at least claim 1 of the '629 Patent.  Any other use of the Accused Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Pantech's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '629 Patent, knowing the proximity sensors within the Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '629 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**B.      Infringement of the '096 Patent**

35.     The allegations of paragraphs 1-34 above are incorporated by reference as if fully set forth herein.

36.     The Accused Products are covered by at least claim 1 of the '096 Patent.

37.     Pantech has directly infringed and continues to infringe at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations' authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

38.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively inducing infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '096 Patent when they use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products. Pantech's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way that implicates use of the proximity sensors within the Accused Products by supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instruction manuals that Pantech provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products, which Pantech knows or should know infringe at least claim 1 of the '096 Patent.

39.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).  Pantech installs, configures, and sells the Accused Products with distinct hardware and software components, including but not limited to the proximity sensors that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '096 Patent.  The proximity sensors within the Accused Products constitute

a material part of the claimed invention recited in at least claim 1 of the '096 Patent and not a staple article or commodity of commerce because they are specifically designed to perform the functionality claimed in at least claim 1 of the '096 Patent.  Any other use of the Accused Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Pantech's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '096 Patent, knowing the proximity sensors within the Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**C.      Infringement of the '541 Patent**

40.      The allegations of paragraphs 1-39 above are incorporated by reference as if fully set forth herein.

41.      The Accused Products are covered by at least claim 1 of the '541 Patent.

42.      Pantech has directly infringed and continues to infringe at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

43.      Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively inducing infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '541 Patent when they use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products.   Pantech's

inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way that implicates use of the proximity sensors within the Accused Products by supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instruction manuals that Pantech provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products, which Pantech knows or should know infringe at least claim 1 of the '541 Patent.

44.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).  Pantech installs, configures, and sells the Accused Products with distinct hardware and software components, including but not limited to the proximity sensors that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '541 Patent.  The proximity sensors within the Accused Products constitute a material part of the claimed invention recited in at least claim 1 of the '541 Patent and not a staple article or commodity of commerce because they are specifically designed to perform the functionality claimed in at least claim 1 of the '541 Patent.  Any other use of the Accused Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Pantech's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '541 Patent, knowing the proximity sensors within the Accused Products to be especially made or especially adapted for use in an infringement

of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**D.      Infringement of the '012 Patent**

45.     The allegations of paragraphs 1-44 above are incorporated by reference as if fully set forth herein.

46.     The Accused Products are covered by at least claim 1 of the '012 Patent.

47.     Pantech has directly infringed and continues to infringe at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations' authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

48.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively inducing infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '012 Patent when they use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products.   Pantech's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way that implicates use of the proximity sensors within the Accused Products by supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instruction manuals that Pantech provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products, which Pantech knows or should know infringe at least claim 1 of the '012 Patent.

49.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c).  Pantech installs, configures, and sells the Accused Products with distinct hardware and software components, including but not limited to the proximity sensors that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '012 Patent.  The proximity sensors within the Accused Products constitute a material part of the claimed invention recited in at least claim 1 of the '012 Patent and not a staple article or commodity of commerce because they are specifically designed to perform the functionality claimed in at least claim 1 of the '012 Patent.  Any other use of the Accused Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Pantech's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '012 Patent, knowing the proximity sensors within the Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**E.      Infringement of the '844 Patent**

50.     The allegations of paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

51.     The Accused Products are covered by at least claim 1 of the '844 Patent.

52.     Pantech has directly infringed and continues to infringe at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511

Innovations' authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

53.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively inducing infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '844 Patent when they use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products.   Pantech's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way that implicates use of the proximity sensors within the Accused Products by supplying the Accused Products to consumers within the United States and instructing such consumers (for example in instruction manuals that Pantech provides online or with the Accused Products) how to use the Accused Products in the ordinary, customary, and intended way, implicating use of the proximity sensors within the Accused Products, which Pantech knows or should know infringe at least claim 1 of the '844 Patent.

54.     Further and in the alternative, at least since the filing and service of this Complaint, Pantech has been and is now actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).  Pantech installs, configures, and sells the Accused Products with distinct hardware and software components, including but not limited to the proximity sensors that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '844 Patent.  The proximity sensors within the Accused Products constitute a material part of the claimed invention recited in at least claim 1 of the '844 Patent and not a staple article or commodity of commerce because they are specifically designed to perform the

functionality claimed in at least claim 1 of the '844 Patent.  Any other use of the Accused Products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. Pantech's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '844 Patent, knowing the proximity sensors within the Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## IX.  VICARIOUS LIABILITY

55.     The allegations of paragraphs 1-54 above are incorporated by reference as if fully set forth herein.

56.     In addition to liability for its own independent conduct, Pantech is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## X.  NOTICE AND MARKING

57.     The allegations of paragraphs 1-56 above are incorporated by reference as if fully set forth herein.

58.     At all times, each and every patentee of the Asserted Patents, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under any of them, has complied with the marking requirements set forth in 35 U.S.C. § 287.

59.     At least by filing and serving this Original Complaint for Patent Infringement, 511 Innovations has given Pantech written notice of its infringement.

## XI.  DAMAGES

60.     The allegations of paragraphs 1-59 above are incorporated by reference as if fully set forth herein.

61.     For the above-described infringement, 511 Innovations has been injured and seeks damages to adequately compensate it for Pantech's infringement of the Asserted Patents.  Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## XII.  PRAYER FOR RELIEF

511 Innovations respectfully requests the following relief:

a.     A judgment in favor of 511 Innovations that Pantech has infringed each of the Asserted Patents, whether literally or under the doctrine of equivalents, as described herein;

b.     A permanent injunction enjoining Pantech, its respective officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and services embodying the inventions claimed in the Asserted Patents;

c.     A judgment and order requiring Pantech to pay 511 Innovations its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the Asserted Patents as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d.     A judgment in favor of 511 Innovations that the Pantech's infringement of the Asserted Patents was and is willful;

e.      A judgment and order requiring Pantech to pay 511 Innovations treble damages for Pantech's willful infringement of the Asserted Patents as provided under 35 U.S.C. § 284; and

f.      Such other and further relief as the Court deems just and proper.

### XIII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), 511 Innovations requests a jury trial of all issues triable of right by a jury.

Dated:  October 25, 2016

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com

**Kirk Voss**
Texas State Bar No. 24075229
kirkvoss@me.com
**Christian J. Hurt**
Texas State Bar No. 24059987
christianhurt@nixlawfirm.com
**Winn Cutler**
Texas State Bar No. 24084364
winncutler@nixlawfirm.com
**Nix Patterson & Roach, L.L.P.**
1845 Woodall Rodgers Frwy., Ste. 1050
Dallas, Texas  75201
Telephone:  (972) 831-1188
Facsimile:  (972) 444-0716

*Counsel for Plaintiff 511 Innovations, Inc.*